**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4402-16T4

MARJORIE MOORE, on behalf of
herself and others similarly situated,

     Plaintiff-Appellant,

v.

DAVID FISCHER, d/b/a CAPITOL
TITLE LOANS,

     Defendant-Respondent.

_____

> Argued October 1, 2018 – Decided October 9, 2018
>
> Before Judges Haas and Mitterhoff.
>
> On appeal from Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1661-15.
>
> Henry P. Wolfe argued the cause for appellant (The Wolf Law Firm, LLC, attorneys; Henry P. Wolfe and Andrew R. Wolf, on the briefs).
>
> Randi A. Wolf argued the cause for respondent (Spector Gadon & Rosen, PC, attorneys; Randi A. Wolf, on the brief).

PER CURIAM

This case returns to us after remand proceedings directed by our previous opinion. See Moore v. Fischer, No. A-3419-15 (App. Div. Feb. 13, 2017). Plaintiff Marjorie Moore now appeals from the May 12, 2017 Law Division order dismissing her complaint against defendant David Fischer d/b/a Capitol Title Loans with prejudice for failure to state a claim upon which relief may be granted. R. 4:62-2(e). We reverse and remand for further proceedings.

We begin by summarizing plaintiff's factual allegations as set forth in her barebones, March 3, 2017 amended complaint.[1] In her pleading, plaintiff alleged that she saw an advertisement for defendant's title loan company while perusing the internet on her computer at her home in Hillsborough, New Jersey. According to plaintiff,

> [d]efendant's business provides small consumer loans called "title loans" with interest of approximately 180% APR [Annual Percentage Rate]. Defendant secures its "title loans" with the borrower's motor vehicles, taking possession of their certificates of title, filing liens with the motor vehicle agency where the borrower lives, and repossessing their vehicles in the event of default.

---

[1] Plaintiff filed her original complaint against defendant in December 2015. Moore, slip op. at 3. On March 4, 2016, the trial court granted defendant's motion to dismiss the complaint and compel arbitration. Id. at 5. Plaintiff appealed, and we determined that plaintiff's individual claims were not subject to arbitration. Id. at 11. Therefore, we reversed the court's determination and remanded for further proceedings. Id. at 12. Following our remand, plaintiff filed the amended complaint that is the subject of this appeal.

A-4402-16T4

While defendant maintains its four brick and mortar offices exclusively in Delaware, plaintiff claimed that defendant "markets its title loans to residents of bordering states, including New Jersey, and secures loans with motor vehicles located and registered in New Jersey."

Plaintiff's complaint states that after she saw defendant's advertisement, she called the listed number, spoke to a representative, and made arrangements to go to defendant's New Castle, Delaware office "to apply for a title loan." On December 22, 2013, defendant drove to New Castle, and "entered into a title loan contract" with defendant. Under the terms of the contact, plaintiff received $3000; was charged interest at an annual percentage rate of 180.34%, totaling $457.50; and was required to pay back $3542.50 one month later on January 22, 2014.

Plaintiff secured the loan using her 2007 Toyota Camry as collateral, granting defendant a security interest in the vehicle. The contract added to the loan balance an $85 fee for defendant to file a lien on plaintiff's Toyota with the New Jersey Motor Vehicle Commission. In the event of a dispute, the contract set forth the following choice-of-law provision: "This Agreement shall be construed, applied and governed by the internal laws of the state in which it is executed."

A-4402-16T4

After making two payments totaling $945, plaintiff defaulted on the loan. On January 20, 2015, defendant repossessed plaintiff's car in New Jersey. The next day, defendant mailed plaintiff a repossession notice stating that her Toyota would be sold at auction or by private sale on February 9, 2015, or any time thereafter. The notice included a list of charges plaintiff owed in order to redeem her vehicle prior to sale. Specifically, $3085 was listed as the principal balance due, plus interest totaling $5048.25, repossession fees in the amount of $575, and a daily storage fee of $25.

Following our remand, plaintiff filed a four-count amended class action complaint in the Law Division, seeking certification of a class of New Jersey consumers who entered into similar title loan contracts with defendant. Plaintiff alleged that defendant violated: (1) the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, by charging interest rates over 30% contrary to the limitations set forth in the New Jersey's criminal usury statute, N.J.S.A. 2C:21-19 (count one); (2) the New Jersey Truth in Consumer Contract, Warranty, and Notice Act (TCCWNA), N.J.S.A. 56:12-15, by charging consumers more than 30% interest on the loans (count two), and by sending deficient repossession notices to her and other members of the putative class (count four); and (3) Article 9, Part 6 of the Uniform Commercial Code (UCC), N.J.S.A. 12A:9-601

A-4402-16T4

by, among other things, failing to include required information in its repossession notices (count three).

In lieu of filing an answer, defendant filed a motion to dismiss the amended complaint for failure to state a claim under Rule 4:6-2(e). Defendant alleged that the title loan contract specifically stated that Delaware law was to be applied in the event of a dispute, yet plaintiff's legal claims were based solely on New Jersey law.

In response, plaintiff filed a cross-motion to file a second amended complaint. In support of that motion, which was not accompanied by a draft of the proposed pleading as required by Rule 4:9-1, plaintiff submitted a certification laying out additional facts concerning New Jersey's, rather than Delaware's, primary connection to the title loan contract. In the certification, plaintiff alleged that before going to Delaware and signing the contract, she filled out an online application for the loan from her Hillsborough home. In response, defendant sent her an email to her New Jersey location, and acknowledged receipt of the application.

Plaintiff also alleged that defendant's representative then called her at home in Hillsborough and told her that the loan application had been approved, and all she needed to do to obtain the loan was to bring her car title to a Delaware

5

office and sign the contract. Plaintiff claimed that no further negotiations occurred between the parties in either state.

Unfortunately, the motion judge did not address these new factual allegations by converting defendant's motion to dismiss to a motion for summary judgment because plaintiff was now relying upon materials outside the pleadings. See R. 4:6-2 (stating that if a party on a Rule 4:6-2(e) motion to dismiss relies on "matters outside the pleading[s,]" the motion should be "treated as one for summary judgment and disposed of as provided by [Rule] 4:46, and [that] all parties . . . be given . . . reasonable opportunity to present all materials pertinent to such a motion"); see also Cnty. of Warren v. State, 409 N.J. Super. 495, 504 (App. Div. 2009). Instead, the judge only considered the limited factual allegations plaintiff made in her March 3, 2017 amended complaint.

On the basis of that meager factual account, the judge applied the well-established test set forth in Instructional Systems, Inc. v. Computer Curriculum Corp., 130 N.J. 324, 341-42 (1992), and concluded that the choice-of-law provision in the contract, which stated that Delaware law would govern in the event of a dispute because that is where the contract was executed, should be enforced. "Ordinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual

choice if it does not violate New Jersey's public policy." Id. at 341. However, New Jersey law will govern if:

> [1.] the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
> [2.] application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties.
>
> [Id. at 341-42 (quoting Restatement (Second) of Conflicts of Laws §187 (Am. Law Inst. 1969)).]

In a short oral opinion, the judge found that the first exception did not apply because Delaware had a "substantial relationship" to the parties because defendant's business was based there, and plaintiff signed the title loan contract in that state. Turning to the second exception, the judge stated that Delaware law, which permitted lenders to charge interest well in excess of what is permitted in our state, was "plainly contrary to [the] fundamental policy" of New Jersey to "protect[] it[]s residents from usurious loans which are offered in or out of the [s]tate."

However, based on what plaintiff had alleged on the face of her amended complaint, rather than in her later certification, the judge stated:

[W]hile the [c]ourt appreciates New Jersey's interest in protecting its citizens from . . . overreaching mistreatment of them by out-of-state and local lenders[,] it is undisputed that this matter was negotiated, contracted, and performed in Delaware and offered by a business operating solely in Delaware.

This [c]ourt finds that Delaware has a greater interest in this matter than New Jersey as defendant is a Delaware corporation operating exclusively in Delaware who offered plaintiff a loan which is in full compliance with the Delaware laws.

Having concluded that neither of the two exceptions set forth in the Instructional Systems test applied, the judge granted defendant's motion to dismiss plaintiff's complaint. The judge's order stated that the dismissal was with prejudice, even though the judge did not specifically address that issue in her brief oral ruling. The judge also denied plaintiff's cross-motion to amend her complaint, but merely stated that she was doing so because the motion was "moot." This appeal followed.

On appeal, plaintiff argues that the motion judge erred by dismissing her complaint with prejudice and denying her motion to file a second amended complaint. We agree.

We review a grant of a motion to dismiss a complaint for failure to state a cause of action de novo, applying the same standard under Rule 4:6-2(e) that governed the motion court. Frederick v. Smith, 416 N.J. Super. 594, 597 (App.

8

Div. 2010). Such review "is limited to examining the legal sufficiency of the facts alleged on the face of the complaint," and, in determining whether dismissal under <u>Rule</u> 4:6-2(e) is warranted, the court should not concern itself with plaintiffs' ability to prove their allegations. <u>Printing Mart-Morristown v. Sharp Elecs. Corp.</u>, 116 N.J. 739, 746 (1989).

If "the fundament of a cause of action may be gleaned even from an obscure statement of claim," then the complaint should survive this preliminary stage. <u>Ibid.</u> (quoting <u>Di Cristofaro v. Laurel Grove Memorial Park</u>, 43 N.J. Super. 244, 252 (App. Div. 1957)). "The examination of a complaint's allegations of fact required by the aforestated principles should be one that is at once painstaking and undertaken with a generous and hospitable approach." <u>Ibid.</u>

A trial court should grant the dismissal "in only the rarest of instances." <u>Id.</u> at 772. Ordinarily, such motions are granted without prejudice. <u>Smith v. SBC Commc'ns Inc.</u>, 178 N.J. 265, 282 (2004).

Here, the judge mistakenly neglected to convert defendant's motion to dismiss to a motion for summary judgment as required by <u>Rule</u> 4:6-2 and consider the additional factual assertions plaintiff made in the certification she submitted in support of her motion to file a second amended complaint. Based

solely on the underdeveloped factual underpinnings set forth in plaintiff's March 3, 2017 first amended complaint, it does appear that defendant had only slight contacts with New Jersey in terms of giving this state jurisdiction to consider this dispute in the absence of the choice-of-law provision in the title loan contract.

In her complaint, plaintiff only alleged that she saw defendant's advertisement on her home computer, and called defendant's representative in Delaware. She stated she then went to Delaware, applied for the loan, received approval for the loan, and signed the contract in that state. If these were indeed the undisputed facts of this case, the judge's rulings that Delaware had "a materially greater interest" than New Jersey in the determination of the issues raised in plaintiff's complaint, and that Delaware would have been "the state of the applicable law in the absence of an effective choice of law choice by the parties" might be sustainable. Instructional Sys., 130 N.J. at 341-42.

However, plaintiff brought additional facts to the attention of the trial court, and these facts made the analysis under the Instructional Systems test much closer than the judge surmised solely from plaintiff's second amended complaint. In her certification, plaintiff asserted that she applied for the title loan from her home in New Jersey and that defendant advised her that the loan

A-4402-16T4

had been approved by calling and advising her that all she had to do to pick up the money was to come to Delaware and sign the contract. These additional facts certainly may have been sufficient to satisfy the prerequisites of the second exception of the Instructional Systems test. Therefore, the judge erred by failing to follow Rule 4:6-2 by converting defendant's motion to dismiss to a motion for summary judgment and giving the parties the opportunity to further research and address the new allegations.

In the alternative, the judge should have simply granted plaintiff's motion to file a second amended complaint. "Rule 4:9-1 requires that motions for leave to amend be granted liberally" and that "the granting of a motion to file an amended complaint always rests in the court's sound discretion." Kernan v. One Wash. Park Urban Renewal Assocs., 154 N.J. 437, 456-57 (1998). "Th[e] exercise of discretion requires a two-step process: whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006).

Here, the judge did not engage in this required analysis, and merely stated that plaintiff's motion to file an amended pleading was "moot." In so ruling, the judge failed to comply with Rule 1:7-4(a), which states that a trial "court shall, by an opinion or memorandum decision, either written or oral, find the facts and

A-4402-16T4

state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right." Moreover, bringing additional facts to the court's attention in an amended complaint would in no way have been prejudicial to defendant, or futile. As discussed above, plaintiff's factual assertion that she obtained approval of the loan while at her home in Hillsborough may have been sufficient to enable New Jersey to apply its law under the Instructional Systems test.

Finally, even if the judge could have ignored plaintiff's certification, the dismissal should not have been with prejudice. Again, the judge did not make any findings supporting her decision to depart from the ordinary course of ordering that a dismissal under Rule 4:6-2(e) be without prejudice. Shulas v. Estabrook, 385 N.J. Super. 91, 96 (App. Div. 2006) (requiring an adequate explanation of basis for court's action). Just as importantly, plaintiff demonstrated in her certification that she had additional facts that might have brought her within the second exception to the Instructional Systems choice-of-law rule. Under those circumstances, the dismissal should have been without prejudice.

We therefore reverse the trial court's May 12, 2017 order and remand to allow plaintiff to file an amended complaint. After that, if defendant believes

that the facts alleged by plaintiff are insufficient to warrant an exception from the choice-of-law rule established in Instructional Systems, it may file the appropriate application anew before the trial court. We expect that any decision by the court will contain detailed findings of fact, conclusions of law, and citations to the governing legal precedents on the choice-of-law question.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4402-16T4